# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL INTERSTATE INS. CO., | |
| Plaintiff, | CIVIL ACTION NO. 3:08-CV-1686 |
| v. | (JUDGE CAPUTO) |
| GRESS POULTRY INC., et al., | |
| Defendants. | |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff National Interstate Insurance Company's Complaint, filed September 11, 2008. (Doc. 1.)

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Plaintiff alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* FED R. CIV. P. 12(h)(3) (a court must dismiss an action if it determines it lacks subject matter jurisdiction).

In this case, the Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction.  Plaintiff invokes diversity of citizenship as its basis for jurisdiction but fails to list diverse parties.  Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states.  In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Plaintiff alleges that it is a corporation organized under the laws of the state of Ohio with its principal place of business in Ohio.  (Compl. ¶ 1, Doc. 1.)  Plaintiff names as a defendant State Auto Insurance Company, which it alleges is a corporation organized under the laws of the state of Ohio with its principal place of business in Ohio.  (*Id*. ¶ 3.)  Section 1332(c)(1) deems a corporation to be a citizen of any state in which it is incorporated and of the state where it has its principal place of business.  Plaintiff's inclusion of Defendant State Auto Insurance destroys complete diversity between opposing parties and thus its basis for subject matter jurisdiction.

Accordingly, the Court will dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**NOW**, this  25th   day of September, 2008, **IT IS HEREBY ORDERED THAT** Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.   The Clerk of the Court shall mark this case **CLOSED**.

                                                        /s/ A. Richard Caputo
                                                        A. Richard Caputo
                                                        United States District Judge